UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WM CAPITAL PARTNERS, LLC,

        Plaintiff,

v.

BBJ MORTGAGE SERVICES, INC.,
ET AL.,

        Defendants.
_____/

No. 10-10359

District Judge Gerald E. Rosen

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Strike Defendant's Counterclaim [Docket #60]. For the reasons discussed below, I recommend[1] that the motion be GRANTED, striking all of Defendant's counterclaims.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff WM Capital Partners I, LLC ("WM Capital") filed the present lawsuit on January 26, 2010, claiming that Defendants defaulted on a business loan, which matured on September 18, 2009. Plaintiff states that Defendants have failed to make any payments on the loan, including interest payments.[2] The loan agreement provided

---

[1] The Defendants' counterclaims were included with its answer to the Plaintiff's amended complaint. Because striking the counterclaims is, in effect, a dismissal of those claims, the Plaintiff's motion is dispositive, and I must therefore proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

[2] On September 18, 2008, Plaintiff entered into a business loan agreement with non-party Michigan Heritage Bank. On April 24, 2009, the Office of Financial and Insurance Regulation of the State of Michigan closed Michigan Heritage Band, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver. On or about October 15, 2009, WM Capital purchased the loan at an FDIC auction, and was assigned all rights under the business loan agreement.

Defendants with a $2,000,000 line of credit, and Defendants executed a $2,000,000 promissory note along with the agreement. Defendants used the funds to give mortgage loans to specific individuals and entities, and those loans were secured by mortgages executed by the mortgagors in favor of Defendant (the "Collateral Mortgages").

On February 2, 2010, WM Capital filed *lis pendens* against certain properties ostensibly covered by the collateral mortgages. However, when it was revealed that some of these properties were not in fact subject to the collateral mortgages, WM Capital released the *lis pendens* on May 27, 2010. At a subsequent motion hearing on June 10, 2010, counsel for WM Capital conceded that the *lis pendens* were erroneously filed and thus released. Counsel for both Plaintiff and Defendant agreed that Plaintiff would file an amended complaint that would delete the three original counts related to the properties on which the *lis pendens* were wrongly filed. On July 19, 2010, Plaintiff provided a copy of the amended complaint to Defendants, and on July 23, 2010, a stipulated order was entered permitting the filing of Plaintiff's amended complaint. The amended complaint itself was filed on August 3, 2010. On August 16, 2010, Defendants filed an answer to the amended complaint, with the following counterclaims: <u>Count I</u>, Slander of Title; <u>Count II</u>, Tortious Interference with Contract or Business Expectancy; <u>Count III</u>, Malicious Prosecution; and <u>Count IV</u>, Abuse of Process.

On March 3, 2010, the Court entered a scheduling order [Docket #20] under which discovery closed on June 30, 2010, dispositive motion cut-off was set at July 30, 2010, and the final pretrial conference was scheduled for October 25, 2010. Plaintiff filed a motion for summary judgment on July 30, 2010. Defendants moved to strike Plaintiff's summary judgment motion, because it was filed before the amended complaint, and also moved to extend the scheduling order dates. The Honorable Gerald E. Rosen denied both motions on August 19, 2010 [Docket #61].

## II. DISCUSSION

Plaintiff objects to Defendants' counterclaims as untimely and violative of the Scheduling Order entered on March 3, 2010, as well as Judge Rosen's Standing Order, which states that motions to modify the scheduling order must be brought 21 days before the date affected. Plaintiff states that "Defendants are well past this deadline and have only sought to bring a Counterclaim after WM Capital has completed its discovery and moved for summary judgment," and that it would also be prejudiced by the need for additional discovery on the counterclaims. *Plaintiff's Brief*, p.4. Defendants argue that they have the right under Fed.R.Civ.P. 13 to state these counterclaims in response to the Plaintiff's amended complaint filed on August 3, 2010.

Counts I, II and IV should be stricken because they are untimely, and would significantly prejudice the Plaintiff. Count III (malicious prosecution) should be dismissed because Defendants have not shown the element of favorable termination.

### A. Counts I, II and IV

Notwithstanding the filing of an amended complaint on August 3, 2010, Defendants' claims of slander of title (Count I), tortious interference (Count II) and abuse of process (Count IV) could have and should have been brought much earlier in this litigation, would require an unwarranted extension of the scheduling order, and would be prejudicial to the Plaintiff.

These counterclaims are premised on the *lis pendens* that were filed on February 2, 2010, which Defendants allege resulted in certain banks lowering their credit lines. Jeffrey McGee, Defendants' representative, testified in his deposition that Clarkston State Bank notified him of the change in credit terms on May 18, 2010. *Plaintiff's Exhibit B*. *See also Exhibit A*, deposition testimony of Brian Seibert. On May 21, 2010, Defendants

filed a response to Plaintiff's motion for preliminary injunction, arguing the impropriety of the *lis pendens* filed against property that was not subject to the collateral mortgages [Docket #27]. The *lis pendens* were thoroughly discussed at the hearing on that motion on June 10, 2010, including the potential claim of slander of title. *Defendants' Exhibit B* [Docket #66], Hearing Transcript, pp. 20-25.[3] At that June 10th hearing, Plaintiff's counsel stated that the *lis pendens* had been erroneously filed, and had been removed.[4] Thus, well before the discovery cut-off of June 30, 2010, the Defendants were fully aware of the basis for their claims of slander of title, tortious interference and abuse of process, yet chose not to file those counterclaims until after the close of discovery and after Plaintiff had filed its dispositive motion.[5]

The fact that the Plaintiff filed an amended complaint on August 3, 2010 does not permit the Defendants to file counterclaims after the close of discovery and after a dispositive motion has been filed. The parties stipulated that the Plaintiff could file an

---

[3] Interestingly, Defendants' counsel stated at the hearing that it was not the Plaintiff, but Plaintiff's *lawyers* who filed the *lis pendens* and thus slandered title:

> "MR. WARREN: Now, and that does not include the slander of title that Mr. Haberman [Plaintiff's counsel]... and I mention, Your Honor, *it was not Mr. Haberman's client that filed those notices of lis pendens, it was Mr. Haberman's firm*, where they slandered title for people who have nothing to do with this." Hearing Transcript, pp. 23-24 (emphasis added).

Neither Mr. Haberman nor Dickinson Wright PLLC has been added as a party defendant.

[4] The *lis pendens* were released on May 27, 2010.

[5] Defendants' state that "the proof of the extent of Defendant's damages caused by WM's tortious interference did not come to full light until July 28, 2010, during the deposition of Donald Bolton, the representative of...Clarkston State Bank." *Defendants' Brief*, p.10. That statement is highly misleading. Whatever information Mr. Bolton's testimony may have added, the Defendants were aware of the factual basis for their counterclaims well before his deposition.

amended complaint that added neither new claims, new theories nor new parties, but simply deleted the claims that were based on the erroneously filed *lis pendens*. The amended complaint was simply a mechanism by which those claims were dismissed; that result could have as easily been accomplished with a stipulation and order. As Judge Rosen held in his August 19, 2010 Order Denying Defendants' Motions to Strike Plaintiff's Motion for Summary Judgment and to Amend Scheduling Order Dates [Docket #61], the amended complaint itself, in all other respects identical to the original complaint, does not necessitate further discovery.[6]

Judge Rosen's August 19th order underscores the futility of using the amended complaint as a basis to file otherwise untimely counterclaims. Denying the request to extend the scheduling dates, Judge Rosen stated:

> "To the extent that Defendants appeal to Plaintiff's first amended complaint as triggering their awareness of the need to pursue further discovery, the Court notes that Plaintiff's initial and amended complaints are essentially identical, except for the omission of three claims from the latter pleading. Defendants have failed to direct the Court's attention to any specific aspect of the first amended complaint–or anything else in the record–that might have necessitated additional discovery efforts that could not have been anticipated and commenced before the existing cutoff date of June 30, 2010."

Denying the motion to strike the Plaintiff's summary judgment motion, which, the Defendants argued, was filed before the amended complaint, Judge Rosen stated:

> "Again, it bears emphasis that Plaintiff's initial and amended complaints are largely identical, and differ only in the omission of three claims from the later-filed pleading. Thus, it cannot be said the Plaintiff's first amended complaint raises new claims or injects new issues into the case, such that Defendants are entitled to additional time to address these new matters."

---

[6] Defendants argue that "Plaintiff added 3 new Exhibits when they filed their Amended Complaint (See Exhibit F), which substantially altered the case as it had been previously framed." To the contrary, those three exhibits (I, J and K) simply replace and reformulate the list of collateral mortgages contained in Exhibits I and J in the original complaint, deleting the properties on which the *lis pendens* were erroneously filed.

Discovery closed on June 30, 2010, and Judge Rosen has declined to extend that date. Plaintiff has already filed a summary judgment motion, and Defendants have filed a response. Therefore, Plaintiff would be seriously prejudiced by Defendants' grossly untimely counterclaims. *See Wade v. Knoxville Utility Board,* 259 F.3d 452, 459 (6th Cir. 2001) (no error in district court's denial of untimely motion to amend, where discovery had closed, defendant had filed a dispositive motion, and defendant would have to develop a new defense); *Duggins v. Steak 'n Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999) (no error where district court denied amendment of complaint after close of discovery and summary judgment motion had been filed, finding that defendant would suffer "significant prejudice" in that discovery would have to be reopened and a new defense developed); *Ford Motor Company v. Kahne*, 379 F.Supp.2d 857, 878 (E.D. Mich. 2005) (denying motion to amend complaint after close of discovery and after dispositive motion had been filed).

For these reasons, Counts I (slander of title), II (tortious interference) and IV (abuse of process) of Defendants' counterclaims should be stricken.

### B. Count III

Count III of the Defendants' counterclaims alleges malicious prosecution, a claim premised on the inclusion in the original complaint of the three properties on which the *lis pendens* were erroneously filed.

The "elements of a tort action for malicious prosecution of civil proceedings are (1) prior proceedings terminated in favor of the present plaintiff, (2) absence of probable cause for those proceedings, and (3) 'malice,' more informatively described by the Restatement as 'a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based.'" *Friedman v. Dozorc,* 412 Mich. 1, 48; 312 NW2d

585 (1981) (quoting 3 Restatement Torts, 2d, §§ 674-681B, pp 452-473). A plaintiff must also establish a special injury. *Barnard v. Hartman,* 130 Mich.App 692, 694; 344 NW2d 53 (1983).

It is the first element–favorable termination–that is at issue in this case. Defendants argue, correctly, that they cannot not bring a claim of malicious prosecution until there is a "favorable termination" of the underlying lawsuit. However, they err in positing that the deletion of the Plaintiff's claims in its amended complaint constitute a favorable termination; in fact, the agreement to drop those claims was not, under Michigan law, a termination in favor of the Defendants that would support a cause of action for malicious prosecution.

Following the removal of the *lis pendens* in May of 2010, and Plaintiff's realization that they had been improperly filed, the parties *stipulated* that the Plaintiff could file an amended complaint that deleted those claims. "Generally, courts have held that where termination results from a compromise or settlement or is brought about by an action of the accused as a courtesy or favor or by some act of the accused that prevents the litigation, there is no favorable termination that will serve as a basis for a cause of action for malicious prosecution." *Cox v. Williams,* 233 Mich.App. 388, 394, 593 N.W.2d 173 (1999).

In *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 672 N.W.2d 351, 356 (2003), the plaintiff (Peterson) was charged criminally with illegal sale of fireworks. The Circuit Court granted plaintiff's motion for declaratory relief, declaring the criminal statute to be unconstitutionally vague. Based on that ruling, the state district court, where the criminal case was pending, dismissed the charges. Ultimately, the prosecutor's appeal of this dismissal was dismissed pursuant to a "dispositive stipulation" by the parties.

Citing *Cox v. Williams*, the Court of Appeals in *Peterson* held as follows:

> "In the present case, a 'dispositive stipulation' entered into by Barman dismissed the charges against him and the other Peterson employees who were arrested. This 'dispositive stipulation' did not amount to a favorable termination. Therefore, we find, after reviewing the matter de novo, that plaintiffs' claim for malicious prosecution under Michigan law was properly dismissed." 259 Mich.App. at 21-22.

Both *Peterson* and *Cox* involved the dismissal of criminal charges. However, over 100 years ago in *Brand v. Hinchman*, 68 Mich. 590, 598, 36 N.W. 664, 668 (1888), the Michigan Supreme Court held that the same rule applies to claims of maliciously instituted civil suits:

> "When the action complained of is the beginning or prosecution of a criminal suit or proceeding it is properly held, by all the authorities, that the determination of such suit or proceeding must be such as does not admit a reasonable cause for the prosecution. There must be an acquittal, or such proceedings as determine the case in the favor of the accused person *without any settlement by him of the criminal charges*, or any connivance on his part to secure his discharge. *This is also the general rule where a groundless and malicious civil suit constitutes the cause of action. Were the rule otherwise, the defendant in the action complained of might recover in an action for malicious prosecution, and yet be convicted, or have a judgment rendered against him, in the former suit.*" (Emphasis added).

In the present case, there was no judgment on the merits of the three counts that were dropped from the Plaintiff's original complaint. There was a stipulation between the parties that the Plaintiff would delete these counts by way of an amended complaint that was otherwise unchanged. Under the above cases, this stipulated resolution does not constitute a "favorable termination" and cannot therefore support an allegation of malicious prosecution. Bringing this counterclaim, which fails to state a cause of action, is futile, and therefore Count III of the Defendants' counterclaim should be stricken.

### III.  CONCLUSION

For these reasons, I recommend that Plaintiff's Motion to Strike Defendants' Counterclaim [Docket #60] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fd'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Date: October 21, 2010

_____

**CERTIFICATE OF SERVICE**

I hereby certify on October 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 22, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge R. Steven Whalen
                                        (313) 234-5217