**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WM CAPITAL PARTNERS I, LLC,

        Plaintiff,

                                  Case No. 10-10359

v.                                 Hon. Gerald E. Rosen

                                  Magistrate Judge R. Steven Whalen

BBJ MORTGAGE SERVICES, INC.,
*et al.,*

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION REGARDING**
**<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____March 2, 2011_____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On August 17, 2010, Magistrate Judge R. Steven Whalen issued a Report and

Recommendation ("R & R") recommending that the Court grant Plaintiff's motion for a

preliminary injunction.  Defendants filed objections to the R & R on August 30, 2010,

and Plaintiff, in turn, filed a response to these objections on September 13, 2010.  As

discussed briefly below, the Court finds no merit in Defendants' objections.  Rather, the

Court fully concurs in the analysis of the Magistrate Judge, and adopts the R & R in its

entirety.

As set forth in the R & R, four factors must be considered in determining whether

to award preliminary injunctive relief.  (R & R at 3.)  Defendants object to the Magistrate

Judge's conclusions as to each of these four factors.  First, as to whether Plaintiff has

shown a strong likelihood of success on the merits, Defendants argue that the Magistrate

Judge failed to consider evidence purportedly indicating that Plaintiff has been "paid in

full" through the actions it took prior to commencing this litigation.  (Defendants'

Objections at 11.)  It follows, in Defendants' view, that Plaintiff cannot establish a

likelihood that it will be entitled to any further relief in this suit.

     As Plaintiff points out in response, however, Defendants' claim of "payment in

full" rests upon two mischaracterizations of the record.  First, the record fails to bear out

Defendants' assertion that Plaintiff "seized" or "t[ook] ownership" of any mortgages prior

to commencing this suit.  Rather, the evidence indicates that Plaintiff exercised its right

under the loan documents executed by Defendants to collect payments on these

mortgages directly from the mortgagors.  Next, even assuming that Plaintiff had sought to

liquidate this collateral in satisfaction of the indebtedness owed by Defendants — and

there is no evidence of such an effort, with Plaintiff instead having designated Towne

Mortgage Company to collect payments on the mortgages on its behalf — the evidence

put forward by Defendants fails to establish the proposition that the mortgages over

which Plaintiff has "taken ownership" have a value of "$1,293,287.52, which is an

amount approximately equal to the debt [Plaintiff] claims it is owed."  (Defendants'

Objections at 11.)  Rather, as Plaintiff points out, the method of valuation used by

Defendants to arrive at this figure — simply tallying up the amounts outstanding on the

2

mortgages — is not an accurate or recognized method of estimating the price that this collateral would fetch at a public or private sale.

Stripped of these mischaracterizations, then, Defendants' objection to the Magistrate Judge's assessment of the likelihood of success on the merits boils down to a contention that it is not necessary for Plaintiff to exercise any further rights with respect to the mortgages designated as collateral in order to ensure that it will be able to collect the entirety of the debt allegedly owed by Defendants.  Whether or not this is so — and Plaintiff has produced evidence that the debt is under- rather than over-collateralized — the fact remains (and Defendants do not dispute) that Plaintiff has the right under the loan documents to collect the payments on *all* of the mortgages designated as collateral. Having negotiated and executed an agreement with these terms, Defendants cannot complain that it is "unnecessary" for the other contracting party to seek the full benefit of the bargain it was given under the parties' agreement.  More to the point, it can hardly be said that Plaintiff has failed to demonstrate a likelihood of success as to its entitlement to exercise a contractual right that Defendants do not dispute.  Rather, this contractual right concededly exists without regard for whether it is essential for Plaintiff to exercise it in order to collect the debt allegedly owed by Defendants, and Defendants' argument as to the "necessity" of Plaintiff's exercise of this right is better viewed as bearing upon the issue of irreparable harm.

Turning, then, to this second factor, Defendants challenge the Magistrate Judge's determination that Plaintiff has established irreparable harm by virtue of the risk that

3

Plaintiff's collateral "will be impaired or depleted" if preliminary injunctive relief is not granted.  (R & R at 5.)  As Defendants observe, and as the Magistrate Judge recognized, irreparable harm generally cannot be shown "where a party can be made whole by payment of a monetary judgment."  (*Id.* at 4.)  Nonetheless, and as the Magistrate Judge also recognized, the courts have held that "the prospective loss of [a secured creditor's] *status quo* security interest" may qualify as irreparable harm that can support an award of preliminary injunctive relief designed to preserve the collateral.  *Plainfield Specialty Holdings II Inc. v. Children's Legal Services PLLC,* 634 F. Supp.2d 833, 846 (E.D. Mich. 2009); *see also Micro Signal Research, Inc. v. Otus,* 417 F.3d 28, 31 (1st Cir. 2005).  The question here, then, is whether the Magistrate Judge properly concluded that Plaintiff had demonstrated a sufficient threat to its security interest to warrant a preliminary injunction.

The Court finds no error in the Magistrate Judge's determination on this point. The Magistrate Judge found that Defendants "failed to adequately account for mortgage payments or rents" that Plaintiff is entitled to collect under the loan documents, and that some of these payments were instead placed in an "escrow account" over which Defendants exercise exclusive control.  (R & R at 5.)  Defendants do not dispute these findings.  Instead, they assert, as noted above, that "there has been no showing of Defendants['] inability to pay if the collateral is insufficient to fully satisfy [Plaintiff's] claims" — to the contrary, they insist that "the evidence shows that the value of the collateral exceeds the amount owed to" Plaintiff.  (Defendants' Objections at 12-13.)  As explained earlier, this claim rests upon a dubious assessment of the value of the collateral

4

that the Magistrate Judge need not have accepted.  In any event, the Magistrate Judge's finding of irreparable harm rests upon evidence of Defendants' interference with Plaintiff's undisputed right to collect the payments on the mortgages designated as collateral, and Defendants have not cited any support for the proposition that such interference must be disregarded in an "irreparable harm" inquiry unless the secured creditor can *also* show that the preservation of its security interest is essential to its ability to recover the entirety of its debt.[1]  Under the present record, the Court is satisfied that the Magistrate Judge's findings as to irreparable harm rest upon a sufficient evidentiary showing of the risk that Plaintiff's security interest would be impaired or lost in the absence of preliminary injunctive relief.

Next, Defendants object that the Magistrate Judge paid insufficient heed to the harm they will suffer as a result of the preliminary injunction sought by Plaintiff.  In particular, Defendants allege that Plaintiff has "mismanage[d]" the mortgages that are now being serviced by its representative, Towne Mortgage, and they surmise that they will be further harmed if additional mortgages are serviced by Plaintiff and its representative as a result of a preliminary injunction.  (*See* Defendants' Objections at 13-

---

[1]Notably, in their effort to distinguish the ruling in *Plainfield Specialty Holdings,* 634 F. Supp.2d at 846-47, Defendants observe that the injunction sought (and granted) in that case called for the defendant borrower to pay its accounts receivable into a lockbox account, and Defendants state that they would not oppose such relief here.  Yet, surely the existence of irreparable harm does not turn upon the precise mechanism through which a threatened security interest is preserved.  In the absence of any basis for believing that Plaintiff will prove unable to properly preserve and account for the payments it collects on the mortgages comprising its collateral, the Court sees no need to deviate from, or inject itself into, a payment collection process to which Defendants themselves agreed in the underlying loan documents.

5

14.)  Yet, contrary to Defendants' contention, the Magistrate Judge did not "ignor[e]"

these claims of harm to Defendants, but rather addressed them and found them largely

wanting in evidentiary support.  (*See* R & R at 5-6.)  Moreover, to the extent that

Defendants seek to buttress these allegations of mismanagement in their present

objections, Plaintiff correctly observes that these allegations are unsupported by any

citation to the record.  Finally, and as the Magistrate Judge observed, (*see* R & R at 6-7),

it is difficult to see how Defendants can establish any cognizable "harm" they would

suffer through a preliminary injunction that merely recognizes and enforces a right that

Defendants themselves previously agreed to and expressly conferred upon Plaintiff under

the loan documents — namely, Plaintiff's right to collect the payments on all mortgages

designated as collateral under the parties' agreement.

     This leaves only the question whether the requested preliminary injunction would

serve the public interest.  In yet another exercise in hyperbole, Defendants accuse the

Magistrate Judge of "ignor[ing]" the public interest and "order[ing] that ALL of the

remaining collateral be given to Plaintiff."  (Defendants' Objections at 14.)  In fact, the

Magistrate Judge has not recommended that any collateral be "given" to Plaintiff, but

instead has recommended that Plaintiff be permitted to exercise the right of collection

conferred under the loan documents.  As the Magistrate Judge has explained, the public

interest is served through the enforcement of security agreements voluntarily entered into

by debtors and creditors, and "allowing a debtor . . . to avoid its financial commitments

and contractual obligations would not be in the public interest."  (R & R at 7 (quoting

6

*Plainfield Specialty Holdings,* 634 F. Supp.2d at 848).)  Accordingly, Defendants' final objection is without merit.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's August 17, 2010 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order.  IT IS FURTHER ORDERED that, for the reasons stated in the R & R and this order, Plaintiff's May 13, 2010 motion for a preliminary injunction (docket #24) is GRANTED.  The Court will issue a separate order awarding preliminary injunctive relief in accordance with the Magistrate Judge's recommendation in the R & R.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  March 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

7