UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WM CAPITAL PARTNERS I, LLC,

       Plaintiff,

v.

BBJ MORTGAGE SERVICES, INC.,
*et al.*,

       Defendants.
_____/

Case No. 10-10359
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
REGARDING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIMS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 31, 2011    

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On October 22, 2010, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court grant Plaintiff's motion to strike Defendants' counterclaims. Defendants filed objections to the R & R on November 3, 2010, and Plaintiff, in turn, filed a response to these objections on November 17, 2010. Having reviewed the R & R, Defendants' objections, Plaintiff's response, and Plaintiff's underlying motion, as well as the remainder of the record, the Court concurs in the Magistrate Judge's recommendation that Plaintiff's motion be granted, albeit on grounds that differ in certain respects from those set forth in the R & R.

First, the Magistrate Judge has recommended that Counts I, II, and IV of Defendants' counter-complaint be stricken as untimely filed after the discovery cut-off and dispositive motion filing dates set forth in the Court's March 3, 2010 scheduling order. (*See* R & R at 3-6.) As observed in the R & R, to the extent that these counterclaims arise from Plaintiff's allegedly wrongful filing of *lis pendens* against properties that were not part of the collateral pool of mortgages used to secure Defendants' debt, the facts giving rise to these counterclaims were fully known to Defendants in time for them to assert their counterclaims **before** the close of discovery, but they failed to do so. The Magistrate Judge found that Defendants had failed to show good cause for their delay in asserting their counterclaims, and that Plaintiff would be "seriously prejudiced" by the filing of new claims that would necessitate a renewed period of discovery and a renewed opportunity for filing dispositive motions, where Plaintiff had timely concluded its discovery efforts and filed a dispositive motion within the deadline for doing so. (R & R at 6.)

In lodging objections to this aspect of the R & R, Defendants cannot seriously dispute — although they nonetheless attempt to do so, without any factual support — the Magistrate Judge's conclusion that Defendants' counterclaims arising from Plaintiff's filing of *lis pendens* "could have and should have been brought much earlier in this litigation." (R & R at 3.) Rather, Defendants' principal challenge is to the Magistrate Judge's finding of prejudice. In Defendants' view, the analysis of Plaintiff's prejudice has changed, in light of the Court's adjournment of the final pretrial conference and trial

dates while Plaintiff's dispositive motion remained pending.[1]  Defendants surmise that any additional discovery efforts arising from their counterclaims could readily have been carried out during this period of adjournment, thereby minimizing any prejudice to Plaintiff.

Defendants' supposition that this adjustment to the schedule would be "cost free" is mistaken.  If the Court were to reopen discovery to accommodate Defendants' untimely counterclaims, the parties surely would seek an additional opportunity to file dispositive motions relating to these new claims, and the Court, in turn, would be obligated to consider and rule upon any such motions that were filed.[2]  All of this, of course, would delay Plaintiff's continued pursuit of its claims through trial — which, in light of the Court's ruling on Plaintiff's summary judgment motion, is the only step remaining in the litigation of Plaintiff's claims — as well as any recovery Plaintiff might achieve on its claims.  The Court is confident that this qualifies as prejudice, and the Magistrate Judge properly recognized as much.  Accordingly, Defendants' objection to the Magistrate Judge's finding of prejudice is overruled.

The Court parts company with the Magistrate Judge, however, as to the application

---

[1] The Court recently resolved Plaintiff's motion through a March 28, 2011 opinion and order.

[2] Defendants seemingly fail to appreciate that the final pretrial conference and trial date in this case were adjourned so that the Court could review and decide Plaintiff's dispositive motion. The process of deciding such motions is not instantaneous, but rather requires time and effort, and additional time and effort would be expended in deciding any dispositive motions that the parties might file relating to Defendants' counterclaims.

of this finding of prejudice as a basis to strike the abuse of process claim asserted in Count IV of Defendants' counter-complaint. This counterclaim, in the Court's view, does not appear to arise solely (or even principally) from Plaintiff's allegedly wrongful filing of *lis pendens,* but instead rests upon the more general allegation that Plaintiff "abused the civil process by **bringing claims** against Defendants/Counter-Plaintiffs" for an improper purpose. (Defendants' Counter-Complaint at ¶ 46 (emphasis added).) Arguably, then, the "cause for delay" and "prejudice" analysis as to this counterclaim might differ from the analysis as to the counterclaims asserted in Counts I and II of the counter-complaint, as these latter two claims plainly are directed more narrowly at Plaintiff's allegedly wrongful filing of *lis pendens,* the fact and consequences of which were well known to Defendants during the discovery period.

The Court finds it unnecessary to resolve this question, however, because the abuse of process counterclaim asserted by Defendants is legally deficient on its face. As noted, this claim rests exclusively on the allegation that Plaintiff has abused the civil process by bringing the claims it has asserted against Defendants in this case. Under Michigan law, however, an "action for abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue." *Friedman v. Dozorc,* 412 Mich. 1, 312 N.W.2d 585, 595 (1981) (internal quotation marks and citation omitted); *see also DirecTV v. Zink,* 286 F. Supp.2d 873, 876 (E.D. Mich. 2003). Here, as in *Friedman* and *Zink,* in support of the abuse of process claim asserted in their counter-complaint, Defendants allege only that Plaintiff ***initiated*** this suit for an improper

4

purpose, and not that Plaintiff made any improper use of process in the course of the suit. This allegation is insufficient as a matter of law to sustain a viable abuse of process claim under Michigan law, and Count IV of Defendants' counter-complaint therefore is subject to dismissal.

Finally, the Magistrate Judge has recommended that the malicious prosecution claim asserted in Count III of Defendants' counter-complaint be stricken for failure to adequately plead the "favorable termination" element of such a claim. (*See* R & R at 6-8.) Again, the Court construes this claim somewhat differently, and finds that it should be stricken on another ground. In support of this claim, Defendants allege that Plaintiff "instituted a civil complaint . . . without probable cause and with malice." (Counter-Complaint at ¶ 41.) Through this counterclaim, then, Defendants evidently mean to challenge Plaintiff's basis and motive for bringing *each* of the claims asserted in its complaint. Yet, apart from the claims that Plaintiff has withdrawn by omitting them from its first amended complaint, the remaining claims asserted by Plaintiff here are ***still being litigated.***[3] Under these circumstances, the "favorable termination" element of Defendants' malicious prosecution claim cannot possibly be determined (or even pled) at the present juncture, at least as to the bulk of the claims brought by Plaintiff in this suit.[4]

---

[3]Specifically, as a result of the Court's March 28, 2011 ruling, Plaintiff has been awarded summary judgment as to liability under Counts I through V of its first amended complaint, with only the matter of damages to be resolved in a subsequent proceeding, and the remainder of Plaintiff's claims will be set for trial.

[4]As noted in Plaintiff's response to Defendants' objections, a question arises as to whether a viable claim of malicious prosecution requires a showing of favorable termination and

It follows that Defendants' counterclaim of malicious prosecution is not yet ripe, and is subject to dismissal on this ground.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's October 22, 2010 Report and Recommendation is ADOPTED IN PART as the opinion of this Court, in accordance with the rulings in the present opinion and order, and is otherwise modified and supplemented by the rulings set forth above. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and this opinion and order, Plaintiff's August 17, 2010 motion to strike Defendants' counterclaims (docket #60) is GRANTED.

                                                  s/Gerald E. Rosen  
                                                  Chief Judge, United States District Court

Dated: March 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2011, by electronic and/or ordinary mail.

                                                  s/Ruth A. Gunther  
                                                  Case Manager

---

absence of probable cause as to *all*, and not merely some, of the claims asserted in the earlier suit. The Court need not address this question, in light of its disposition of Defendants' malicious prosecution claim on other grounds.